IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-HC-2109-D

| | | |
|---|---|---|
| JAIME MEDINA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CI - RIVERS PRISON, | ) | |
| | ) | |
| Respondent. | ) | |

On May 21, 2015, Jaime Medina ("Medina" or "petitioner"), a federal inmate proceeding pro se, filed a motion under 28 U.S.C. § 2241 or, alternatively, under 28 U.S.C. § 1651 [D.E. 1]. Medina seeks leave to proceed in forma pauperis [D.E. 5]. The court now conducts its preliminary review under 28 U.S.C. § 2243 and dismisses the petition.

On December 3, 2009, pursuant to a plea agreement, Medina pleaded guilty in the United States District Court for the District of Colombia to one count of conspiracy to manufacture and distribute five kilograms or more of cocaine knowing that the cocaine would be imported into the United States, in violation of 21 U.S.C. §§ 959, 960, and 963. Plea Agreement, United States v. Medina, No. 1:06-cr-00232-RCL, (D.D.C. Dec. 3, 2009), [D.E. 283]; see Pet. [D.E. 1] 2. By "conspiracy to manufacture and distribute," the charge against Medina referred to Medina's massive transnational cocaine production and distribution organization, and "five kilograms or more" in this case meant thousands of kilograms of cocaine. See Statement of Facts, United States v. Medina, No. 1:06-cr-00232-RCL, (D.D.C. Dec. 3, 2009), [D.E. 284] 2–4. On April 9, 2010, the court sentenced Medina to a term of imprisonment of 180 months, to be followed by a term of supervised release of 60 months. Judgment, United States v. Medina, No. 1:06-cr-00232-RCL, (D.D.C. Apr. 14, 2010),

[D.E. 329]; Min. Entry for Sentencing Proceedings, United States v. Medina, No. 1:06-cr-00232-RCL, (D.D.C. Apr. 9, 2010); Pet. 2. On April 22, 2010, represented by counsel, Medina appealed, and his appeal remains pending. Notice of Appeal, United States v. Medina, No. 1:06-cr-00232-RCL, (D.D.C. Apr. 22, 2010), [D.E. 328].

Medina states that he is "a deportable 'Alien' who is not fighting his deportation" and "ask[s] this Honorable Court to stay his incarceration beyond his 'Home Eligibility Date' as calculated by the BOP as part of his sentence calculation and instead deport him back to his home country." Pet. 2. Medina's projected release date is January 10, 2021. See BOP Inmate Locator, http://www.bop.gov/inmateloc/ (search by inmate number 29683-016) (last visited Oct. 26, 2015). Medina seeks to compel his early release from prison in light of his inability to obtain placement in a residential re-entry center ("RRC") pursuant to the Second Chance Act of 2007, 18 U.S.C. § 3624(c). See Pet. 1, 4.

Generally, prisoners do not have a liberty interest in a particular security classification or prison placement. See Hewitt v. Helms, 459 U.S. 460, 468 (1983), abrogated on other grounds by Sandin v. Conner, 515 U.S. 472 (1995); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976); Gallegos-Hernandez v. United States, 688 F.3d 190, 195 (5th Cir. 2012). Medina does not plausibly allege such a liberty interest in this case. See, e.g., Gallegos-Hernandez, 688 F.3d at 195–96; Adams v. Apker, 148 F. App'x 93, 95–96 (3d Cir. 2005) (per curiam) (unpublished); Garcon v. Cruz, No. CIV.A. 6: 14-4332-RM, 2015 WL 4557146, at *4 (D.S.C. July 28, 2015) (unpublished); Hernandez v. Immigration & Customs Enforcement, No. 2:13-CV-807-FTM-38, 2014 WL 4145530, at *3 (M.D. Fla. Aug. 20, 2014) (unpublished); Hinojoza v. Fed. Bureau of Prisons, No. 4:13CV2467, 2014 WL 2003035, at *2–3 (N.D. Ohio May 14, 2014) (unpublished); Galvez v. United States, No. CIV.A. DKC 10-0128, 2013 WL 823150, at *3 (D. Md. Mar. 5, 2013) (unpublished). Thus,

2

Medina's petition fails to state a claim.

To the extent Medina seeks to commence deportation proceedings, this court lacks jurisdiction to award him that relief. The Immigration and Nationality Act ("INA") provides in pertinent part:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). Thus, the INA "grants the Attorney General exclusive jurisdiction over any decision to commence removal proceedings and expressly precludes federal court jurisdiction over any action implicating a decision of the Attorney General regarding commencement of removal proceedings." Chapinski v. Ziglar, 278 F.3d 718, 720 (7th Cir. 2002); see Reno v. Am.-Arab Anti-Discrimination Comm., 525 U.S. 471, 485 & n.9 (1999); Duamutef v. INS, 386 F.3d 172, 180–81 (2d Cir. 2004); Campos v. INS, 62 F.3d 311, 313–14 (9th Cir. 1995). Moreover, "[a] determination of whether the petitioner may stipulate to removal proceedings before an Immigration Judge is within ICE's discretion and INA [section] 242(g) prohibits the district courts from reviewing this determination." Moncayo v. U.S. Immigration & Customs Enf't Agency, No. 08-60858, 2008 WL 5705733, at *2 (S.D. Fla. Nov. 26, 2008) (unpublished). "Thus, a prisoner cannot compel . . . ICE, by way of habeas corpus, mandamus or the Administrative Procedure Act, to initiate a removal proceeding." Mejia-Gomez v. DHS/ICE, No. 1:05-cv-5000-JBS, 2006 WL 1098226, at *2 (D.N.J. Mar. 31, 2006) (unpublished) (citations omitted); see Amuah v. Napolitano, No. 5:10-HC-2107-FL, 2011 WL 3664711, at *1 (E.D.N.C. Aug. 18, 2011) (unpublished). Rather, "[w]hether the application is fashioned as a habeas action or a petition for mandamus . . ., any

3

prisoner's claim petitioning . . . ICE for a removal-related action prior to the completion of the prisoner's custodial sentence is unripe and subject to dismissal." Mejia-Gomez, 2006 WL 1098226, at *2. Thus, Medina's petition fails.

To the extent Medina requests appointment of counsel "in order to represent Petitioner in filing the appropriate Motion for Reduction in Term of Imprisonment," Pet. 2, no right to counsel exists in habeas corpus actions. See, e.g., Pennsylvania v. Finley, 481 U.S. 551, 555 (1987). Nonetheless, the court may appoint counsel if it determines that "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). This action does not present legally complex issues, and Medina has set forth his claims adequately. Thus, the interests of justice do not require the appointment of counsel. Accordingly, the court denies the request.

In sum, the court DISMISSES Medina's petition for a writ of habeas corpus under 28 U.S.C. § 2241 [D.E. 1]. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). The clerk shall close the case.

SO ORDERED. This __30__ day of October 2015.

JAMES C. DEVER III
Chief United States District Judge